**MOT**
KRISTINA R. WELLER, ESQ.
Nevada Bar No.: 007975
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: Kristina@richardharrislaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HARRIS LAW FIRM, LLP, Nevada limited-liability partnership, dba RICHARD HARRIS LAW FIRM and ROBERT LOPEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED SPINE & REHABILITATION, LLC, a Nevada limited-liability company; ALLIED PAIN & SPINE INSTITUTE, an unknown entity; EAST BAY UPRIGHT MRI, LLC, a California limited-liability company;<br><br>Defendants. | CASE NO.:    22-cv-01536<br><br><br><br>**MOTION FOR ENTRY OF DEFAULT JUDGMENT, DISBURSEMENT AND DISMISSAL** |

Plaintiffs by and through their attorney, Kristina R. Weller, Esq., of Richard Harris Law Firm, hereby move this Court for Entry of Default Judgment, Disbursement of Funds and Dismissal. This motion is based on the papers and pleadings on file and the memorandum of points and authorities attached hereto.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This matter arises out of an interpleader necessitated by the settlement obtained for Defendant, Robert Lopez, personal injury claims stemming from a car accident that occurred in Clark County, Nevada on or about March 24, 2017. Plaintiff represented Robert Lopez obtaining a settlement of his personal injury claim for a sum of $7,500. However, due to the number of conflicting liens on the judgment, which are in excess of the settlement amount, Plaintiffs filed an interpleader action to ask this Court to fairly and equitably distribute the settlement proceeds.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RICHARD HARRIS
LAW FIRM

<u>**A**RGUMENT</u>

***1.***     ***Motion for Disbursement***

All answering Defendants to this Interpleader matter have made demands upon Plaintiff, Robert Lopez for the payment of the sums due pursuant to their liens and bills; however, said sums have not been paid because Defendants claim more under their respective liens and bills than what was recovered by Plaintiff and its client, Robert Lopez.  Plaintiff recovered $7,500 for Robert Lopez.  Plaintiff was unable to obtain agreements for reduction of the liens.  Therefore, Plaintiff filed the Interpleader as it is uncertain how to distribute the settlement proceeds to the Defendants, all of which are persons or business entities who claim entitlement to the settlements as a result of the underlying personal injury accident.

It is believed that Plaintiff has properly served all Defendants with the Complaint for Interpleader.  The table below contains the Defendants to this litigation and their status in the case:

| DEFENDANT | Default |
|---|---|
| Advanced Spine & Rehabilitation, LLC | 4/27/23 |
| Allied Pain & Spine Institute | 4/27/23 |
| East Bay Upright MRI, LLC | 4/27/23 |

Attorney's fees be awarded to Plaintiff at the contracted rate of 40% in the amount of $3,000. Attorney's costs should be awarded in the amount of $5,465.34.[1]  The amount of costs and fees exceed the settlement.  Therefore, Plaintiff moves that the costs of $5,465.34 be awarded and the remaining $2,034.66 be awarded to Plaintiff as fees.

***Default Judgment***

Plaintiff is also requesting a Default judgment against the following "Defaulting Defendants":

| DEFENDANT | Default |
|---|---|
| Advanced Spine & Rehabilitation, LLC | 4/27/23 |
| Allied Pain & Spine Institute | 4/27/23 |
| East Bay Upright MRI, LLC | 4/27/23 |

---

[1] *Exhibit 1, Memo of Costs*

This motion is made and based on the grounds that a Default has been entered against the Defaulted Defendants for failure to answer or otherwise defend the Complaint on behalf of Plaintiff and that, upon information and belief, said Defaulted Defendants are not in the military service of the United States nor an infant or incompetent person.

1.     Plaintiff requests a Default judgment as follows:

2.     Precluding the Defendants from any recovery whatsoever regarding the charges incurred as a result of the subject incident which gave rise to the instant Complaint in Interpleader.

3.     That each of the Defendants be restrained, until further order of this court, from instituting or further prosecuting any other proceeding against Harris Law Firm in any court affecting the rights and obligations between the parties to this action.

4.     That all debts owed to the Defendants shall be discharged in full.

5.     That all amounts owed to any defaulted parties shall be discharged as well and Robert Lopez shall not be obligated to pay them any monies for treatment related to the underlying claim.

6.     That the Default Judgment be considered final against the defaulted parties pursuant to NRCP 54(b).

A proposed Order Granting Motion for Disbursement, Default Judgment and Dismiss as exhibit 2.

Dated:  April 28, 2023.

RICHARD HARRIS LAW FIRM

KRISTINA R. WELLER, ESQ

**DECLARATION OF KRISTINA WELLER, ESQ. IN SUPPORT OF THE
MOTION FOR ENTRY OF DEFAULT JUDGMENT, DISBURSEMENT AND DISMISSAL**

STATE OF NEVADA          )
                         ) ss:
COUNTY OF CLARK          )

KRISTINA WELLER, ESQ., pursuant to NRS 53.045, declare under penalty of perjury, that the following assertions are true of her own personal knowledge:

1.      I am an associate attorney at Plaintiff, Harris Law Firm.

2.      The facts set forth in this Declaration are known to me personally, or are based upon my information and belief, and if called to do so, I would competently testify under oath regarding the same.

3.      During the course of the interpleader, my firm obtained defaults against the following Defaulted Defendants:

| DEFENDANT | Default |
|-----------|---------|
| Advanced Spine & Rehabilitation, LLC | 4/27/23 |
| Allied Pain & Spine Institute | 4/27/23 |
| East Bay Upright MRI, LLC | 4/27/23 |

4.      Harris Law Firm applies for a Default Judgment which is made and based on the grounds that a Default has been entered against the Defaulted Defendants for failure to answer or otherwise defend the Complaint on behalf of Plaintiff and that, upon information and belief, said Defaulted Defendants are not in the military service of the United States nor an infant or incompetent person.

5.      Plaintiff requests a Default judgment as follows:

(a)      Precluding the Defaulted Defendants from any recovery whatsoever regarding the invoice incurred as a result of the underlying personal injury claim, which gave rise to the instant Complaint in Interpleader.

(b)      That each of the Defaulted Defendants be restrained, until further order of this court, from instituting or further prosecuting any other proceeding against Plaintiff or Robert Lopez in any court affecting the rights and obligations between the parties to this action. All debts owed to the Defaulted Defendants shall be discharged in full from the interpleader funds available.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)    All amounts owed to any defaulted parties shall be discharged as well and Robert Lopez shall not be obligated to pay them any monies related to the underlying claim.

6.    I have read the Motion for Entry of Default Judgment, Disbursement and Dismissal and know the contents thereof, and that the same is true of my own knowledge, except for those matters therein stated on information and belief, and as for those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge.

DATED: April 28, 2023

KRISTINA R. WELLER, ESQ.

1

## CERTIFICATE OF SERVICE

I certify that on this date, I served the foregoing MOTION FOR ENTRY OF DEFAULT JUDGMENT, DISBURSEMENT AND DISMISSAL on all parties to this action by mail addressed as follows:

| | |
|---|---|
| Advanced Spine & Rehabilitation, LLC<br>c/o Barney McKenna & Olmstead, P.C.<br>590 W. Mesquite Blvd. Ste. 202A<br>Mesquite, NV 89027 | Allied Pain & Spine Institute<br>1604 Blossom Hill Rd., Ste. 10<br>San Jose, CA 95124 |
| East Bay Upright MRI, LLC<br>c/o 1505 Corporation 1621<br>Leagzoom.Com, Inc.<br>101 N. Brand Blvd., 11th Floor<br>Glendale, CA 91203 | |

Dated:  April 28, 2023

*/s/ Ridge Portelli*

_____
An employee of RICHARD HARRIS LAW FIRM



**EXHIBIT 1**

1  **MEMO**
   RICHARD HARRIS, ESQ.
2  Nevada Bar No. 505
   KRISTINA R. WELLER, ESQ.
3  Nevada Bar No.: 007975
   RICHARD HARRIS LAW FIRM
4  801 South 4th Street
   Las Vegas, NV 89101
5  Telephone: (702) 444-4444
   Facsimile: (702) 444-4455
6  Email: Kristina@richardharrislaw.com
   *Attorney for Plaintiff*

7
                    **UNITED STATES DISTRICT COURT**
8                        **DISTRICT OF NEVADA**

9  HARRIS LAW FIRM, LLP, Nevada limited liability
   partnership, dba RICHARD HARRIS LAW FIRM;          CASE NO.:    22-cv-01536
10 and ROBERT LOPEZ, individually

11                        Plaintiffs,

12 vs.

13 ADVANCED SPINE & REHABILITATION, LLC, a
   Nevada limited-liability company; ALLIED PAIN &      **MEMORANDUM OF COSTS AND**
14 SPINE INSTITUTE, an unknown entity; EAST BAY            **DISBURSEMENTS**
   UPRIGHT MRI, LLC, a California limited-liability
15 company;

16                        Defendants.

17         Plaintiff hereby submits its Memorandum of Costs and Disbursements pursuant to NRS

18 18.005, as follows:[1]

19

20 | | **DATE** | **ITEM** | **AMOUNT** |
   |---|---|---|---|
21 | 1. | 6/21/2021 | Miscellaneous Office costs (file materials, file storage, in-office scanning and photocopying, long distance, facsimile, postage, attorney and staff mileage, parking) | 450.00 |
22 | 2. | 5/1/2017 | Bellhurst Research, insurance search, Invoice #44934 | 150.00 |
   | 3. | 2/27/2019 | Complaint Filing Fee | 457.00 |
23 | 4. | 5/6/2019 | LV Process and Investigations, LLC, process service for defendant. Invoice #5038 | 100.00 |
24 | 5. | 5/8/2019 | Payment to One Legal, LLC for E-filing service | 15.67 |
   | 6. | 6/4/2019 | Superior Court of California, Jury Fees | 150.00 |
25 | 7. | 6/4/2019 | Court Call; Case Conference | 94.00 |
   | 8. | 8/28/2019 | Objection to Deposition, Invoice #3323407 | 5.72 |
26 | 9. | 11/7/2019 | Case Management Statement | 5.72 |
   | 10. | 11/13/2019 | Court Call; Case Conference | 94.00 |

27

28 ────────────────────
   [1] Exhibit 1, supporting documentation

                              Page **1** of **5**

| 11. | 12/3/2019 | Travel expenses | 684.34 |
| 12. | 12/3/2019 | Travel expenses | 244.62 |
| 13. | 12/5/2019 | Uber Expenses | 236.00 |
| 14. | 12/13/2019 | FedEx Delivery Invoice #6-859-90502 | 71.95 |
| 15. | 4/20/2020 | Case Management Statement | 5.72 |
| 16. | 5/1/2020 | ADR Stipulation and Order | 5.72 |
| 17. | 5/20/2020 | Nationwide, Invoice #NV236366 runner | 125.00 |
| 18. | 2/5/2021 | Case Management Statement | 5.72 |
| 19. | 2/5/2021 | Court Call; Case Conference | 94.00 |
| 20. | 7/23/2021 | Nicholas Lowe, mediation fees | 1,250.00 |
| 21. | 8/17/2021 | Margill Interest on Costs | 217.86 |
| 22. | 9/14/2022 | Pacer Investigation Fee | 0.10 |
| | | Total | **4,463.14** |

INTERPLEADER COSTS

| | **DATE** | **ITEM** | **AMOUNT** |
|---|---|---|---|
| 23. | 9/14/2022 | Interpleader Filing Fee | 402.00 |
| 24. | 11/29/2022 | Service of East Bay Upright, Invoice #7975990 | 125.00 |
| 25. | 11/29/2022 | Service for ASR, Invoice #7975975 | 350.00 |
| 26. | 12/5/2022 | Process Service, Invoice #7975983 | 125.00 |
| 27. | 3/21/2023 | Pacer Investigation | .20 |
| | | Total | **$1,002.20** |

**1.      Clerk's Fees (NRS 18.005(1))**

Under NRS 18.005(1), clerk's fees are a recoverable expense.  Therefore, items 3, 5, 8, 9, 15, 16, 18, 22, 23, 27, and 28 are allowed costs and should be granted to Plaintiff.

**2.      Jurors' fees and expenses, together with reasonable compensation of an officer appointed to act in accordance with NRS 16.120. (NRS 18.005(3)**

Under NRS 18.005(3), Juror's fees are a recoverable expense. Therefore, item 6 is an allowed cost and should be granted to Plaintiff.

**Process Server fees (NRS 18.005(7))**

Under NRS, 18.005(7), the fee of any sheriff or licensed process server for the delivery or service of any summons or subpoena used in the action is an allowed fee unless the court determines that the service was not necessary.  Here, the process server fees were necessary to serve the underlying defendants and the parties to the interpleader action.  Therefore, items 4, 24, 25, and 26 should be allowed as a cost granted to Plaintiff.

**3.      Reasonable costs for telecopies; Reasonable costs for photocopies; Reasonable costs for long distance telephone calls and Reasonable costs for postage (NRS 18.005(11), (12), (13) & (14)**

Under NRS 18.005(11), (12), (13), and (14) costs for copies, telephone, and postage are a recoverable expense. Therefore, items 1 and 14 should be allowed as a cost granted to Plaintiff.

**4.    Reasonable costs for travel and lodging incurred taking depositions and conducting discovery (NRS 18.005 (17))**

Under NRS 18.005 (17), costs for travel and lodging for depositions and conducting discovery are recoverable expenses. Therefore, Items 11, 12 and 13 should be allowed as a cost granted to Plaintiff.

**5.    Any other reasonable and necessary expense incurred in connection with the action, including reasonable and necessary expenses for computerized services for legal research. (NRS 18.005 (17))**

Under NRS, 18.005(17), the Court may grant any other reasonable and necessary expense incurred in connection with the action.

*(a)    Runner fees*

Runner fees are necessary in the prosecution of any case in a law firm.  Normal runs to and from the Courthouse are covered by RHLF's contract with the runner service.  However, runs outside of the normal runs are charged an extra fee.  The runner was necessary for various important runs in the case, filing and delivering of documents—a common practice in such cases.  Thus, item 17 should be awarded to Plaintiff.

*(b)    Legal Research*

NRS 10.005(17) specifically references allowing the costs for reasonable and necessary expenses for legal research.  Item was necessary research on the Defendants in this matter in order to find a good address for service of the Complaint.  Thus, item 2 should be awarded to Plaintiff.

*(c)    Mediation fees*

In addition, the underlying case proceeded to a complex insurance bad faith case where the issue of causation was highly contested.  The mediations was integral in getting the parties to agree to resolve the case.  Therefore, Item 20 should be granted to Plaintiff.

*(d)    Video Appearance Fees*

This case required hearings in California and video companies charged fees for appearance.  Thus, items 7, 10 and 19 should be allowed as a cost granted to Plaintiff.

Page **3** of **5**

*(e)*    ***Interest on Funding Cases***

An attorney may borrow funds for the purpose of financing litigation costs reasonably necessary for the prosecution of a clients claim and pass the interest costs onto the client.[2]  The client agreed to the provision regarding interest in the retainer.[3]

Dated:  April 28, 2023

**RICHARD HARRIS LAW FIRM**

_____
KRISTINA R. WELLER, ESQ.

---

[2] Exhibit 2, State Bar Opinion # 36, dated 1/8/07
[3] Exhibit 1, supporting documentation

## DECLARATION OF KRISTINA R. WELLER

KRISTINA R. WELLER, ESQ., pursuant to NRS 53.045, declare under penalty of perjury, as follows:

I am the attorney for Plaintiff. I have personal knowledge of the above costs and disbursements expended; that the items contained in the above memorandum are true and correct to the best of this Affiant's knowledge and belief; and that the said disbursements have been necessarily incurred and paid in this action.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct to the best of my knowledge.

Dated:  April 28, 2023

_____
KRISTINA R. WELLER, ESQ.

**EXHIBIT 1**

RETAINER AGREEMENT (CONTINGENCY FEE)

I / We ('Client') hereby retain Attorney Richard Harris and his associated attorneys, together referred to as Richard Harris Law Firm ('the Firm'), to provide legal services, and authorize all reasonable forms of action deemed necessary by the Firm, including the filing of lawsuits, to pursue claims in behalf of: __Robert Aaron Lopez_____

against _____and any person, entity or insurance company legally liable for damages as a result of an incident occurring on: __March 24th, 2017_____ at ___Los Altos, California_____

('the Claim'), and in lieu of paying the Firm's hourly rate, agree as follows:

<u>ATTORNEYS' FEES:</u> shall be either Thirty Three and One-Third Percent (33 1/3%), Forty Percent (40%), or Fifty Percent (50%), or less if otherwise provided by law or court order, of all gross amounts recovered ("the Recovery"), including, but not limited to money, property or value received by settlement, judgment, court ordered restitution, attorney's fees, costs, and other monetary sanctions or awards. Attorneys' fees shall be Thirty Three and One-Third Percent (33 1/3%) of all amounts recovered for the Claim by settlement before a "lawsuit" (defined as filing a complaint in any court or entering into a written agreement for binding arbitration). Attorneys' fees shall be Forty Percent (40%) of all amounts recovered for the Claim by settlement, judgment or award after a "lawsuit", as defined above, but before trial or binding arbitration commences. Attorneys' fees shall be Fifty Percent (50%) of all amounts recovered for the Claim by settlement, judgment or award after the commencement of a trial or binding arbitration proceeding. Attorneys' fees are calculated on the gross Recovery before deducting case costs, health insurance reimbursement obligations, medical bills and other Client responsibilities which may or may not be subject to liens. Client hereby grants the Firm a lien on the Claim as security for the payment of Attorneys' Fees and Case Costs. Legal services for appeal to state or federal appellate courts are not provided for in this Retainer Agreement and are not included in the above Attorneys' fees. In the event of an appeal from a judgment, a separate agreement for attorneys' fees and case costs is required.

<u>CASE COSTS:</u> advanced by the Firm are expenses necessary to prosecute the Claim and are to be deducted from the Recovery after Attorneys' fees. Case Costs may include, but are not limited to charges and expenses for: outside photocopying, printing, electronic duplication, overnight mail, investigation, photography, video, evidence storage, courier, filing fees, service of process, bonds, witnesses, experts, consultants, record acquisition, outside legal research and writing, data access, court reporters, interpreters, translators, lien resolution services, travel including meals and lodging, arbitrators, mediators, jury fees, interest and loan related acquisition and management fees incurred by the Firm ("Loan Expenses"). Client understands the Firm has arranged for and maintains commercial financing for the advancement of Case Costs. Claim related Loan Expenses will be billed Client as a Case Cost at the same rate the Firm is billed by the financial institution. The interest and any other Loan Expenses are payable from the Recovery along with the principal amount of the funds advanced for Case Costs. Client authorizes the Firm to incur all reasonable Case Costs the Firm deems necessary to further the Claim. In the event there is no Recovery, the Firm shall receive no reimbursement for Case Costs as long as Client follows the Firms' advice in all respects, the Firm represents Client through the conclusion of the case, Client has been cooperative and totally honest and truthful regarding case facts, past medical history, prior claims and in all other respects.

In lieu of Client being charged for Claim related expenses such as case file materials, file storage, in-office scanning and photocopying, long distance, facsimile, postage, attorney and staff mileage, parking and in-office asset searches, personal loan applications and administration, Client will be charged a flat fee of Fifty Dollars ($50.00) per month as a Case Cost before a "lawsuit" (as defined above), and One Hundred Dollars ($100.00) per month after a "lawsuit" until resolution of the Claim and Client's file is closed.

The Firm will advance Case Costs only as long as Client follows the Firms' advice. In the event Client fails to follow the Firms' advice including when to settle the Claim, the Firm will be relieved of the obligation to advance Case Costs and Client will immediately deposit with the Firm sufficient funds to cover all past and projected Case Costs. Client's failure to comply with this Case Cost deposit requirement shall be considered a material breach of this Retainer Agreement and good cause for the immediate withdrawal of the Firm from Client's representation without waiver of the Firm's right to collect Attorneys' Fees and Case Costs from the Recovery, or from Client directly.

<u>WITHDRAWAL AND DISCHARGE:</u> Withdrawal by the Firm may be made at any time for good cause upon written notice to Client's last known address. Good cause includes Client's breach of this Retainer Agreement, Client's refusal to cooperate, or to follow the Firm's advice, Client's failure to deposit funds for Case Costs pursuant to this Retainer Agreement, or any circumstance which would render the Firm's continued representation of Client either unlawful, unethical, a conflict of interest or morally distasteful to the Firm. The Firm's discharge by Client prior to the resolution of the Claim shall be upon written notice to the Firm. Upon discharge of the Firm, Client shall immediately pay the Firm all Case Costs advanced, and Attorneys' Fees for the value of services rendered utilizing one of the following methods; (1) a pro rata share of the total attorneys' fees based on the Firm's foundational development of the Claim, the Firm's reasonable expectancy as well as relative work performed and length of representation between law firms, or (2) Thirty Three and One-Third Percent (33 1/3%)/(Forty Percent (40%) after a "lawsuit" (as defined above), of the last offer of settlement prior to discharge, or (3) a combined firm rate of One Thousand Dollars ($1,000.00) per hour for all attorney and staff time, whichever is more.

RL
Initials

Client understands and agrees that upon discharge, the Firm is relieved from further performance under this Agreement, but the Firm remains entitled to be paid its Attorneys' Fees and Case Costs. Client acknowledges the Firm has taken on considerable risks in this contingency fee arrangement, and the Firm is entitled, at a minimum, to the agreed upon enhanced hourly firm fee upon discharge which Client agrees is reasonable and appropriate.

OTHER ATTORNEYS: within the Firm, or outside attorneys, may be associated or employed at the Firm's discretion and expense to prosecute the Claim. Client acknowledges and agrees that if Client was referred to the Firm by another attorney, there will be an agreed upon division of the Attorneys' Fee between the Firm and referring attorney, with each attorney assuming joint responsibility for prosecution of the Claim.

GUARANTEES: concerning success, value, or time to conclude the Claim cannot be made. In the event of an unsuccessful lawsuit, Client may be liable for opposing party's attorney's fees and costs, but not those of the Firm except as outlined above.

LOANS OR ADVANCES: to Client by the Firm cannot be made prior to settlement of the Claim. The Firm strongly discourages Client from borrowing funds against the Claim from lenders charging high interest rates which will significantly reduce or eliminate Client's portion of the Recovery. Borrowing money raises additional risks such as the lender's attempt to influence Client's decisions and the Firm's handling of the case. Client acknowledges the Firm has advised against pre-settlement financing because principal and accrued interest are advances on the Recovery and such financing may likely be the only money Client receives as a result of the Claim. If Client disregards the Firm's advice and proceeds with pre-settlement financing against the Claim, Client expressly and irrevocably authorizes the Firm to settle the Claim for whatever the Firm deems appropriate, whether the settlement results in Client receiving additional amounts above the loan, and Client agrees to accept the borrowed funds as his or her full share of the Recovery on the Claim.

SETTLEMENT: of the Claim will not be made without Client's consent, but Client agrees to accept a reasonable settlement offer as recommended by the Firm based on professional judgment and expertise, or an offer of all available insurance policy limits. Client also agrees, at the Firm's discretion, to a bench trial or short jury trial, alternative dispute resolution, such as arbitration and mediation, to facilitate resolution of the Claim. The Firm will maintain Client's file for seven (7) years following conclusion of the Claim. After that time, Client's file will be destroyed without further notice.

SPECIAL POWER OF ATTORNEY: is expressly given by Client, authorizing the Firm to sign Client's name to authorizations, checks, drafts, releases and dismissals and any and all legal instruments and other documents incidental to the Claim. This is a durable Power of Attorney which shall not terminate by the subsequent incapacity of Client.

COOPERATION: by Client is essential. Client agrees to follow the Firm's advice, promptly provide the Firm with truthful, full, complete and accurate responses to all requests for information, timely and completely respond to the Firm's requests for action by Client including fact finding, documentation and evidence gathering, responses to discovery, attendance at depositions and court hearings. Client agrees to give notice to the Firm of any change of address, phone number and email address, regularly update the Firm with Client's medical treatment and work status, submit medical bills to Client's insurance companies and pay medical expenses as they are incurred unless other arrangements are made, such as liens with medical providers. Client agrees to inform the Firm of the intent to file for bankruptcy protection and understands that in the event of Client's bankruptcy, the Firm must turn over Client's portion of the Recovery to the bankruptcy Trustee.

VALID CLAIM: Client understands that a suit brought solely to harass or to coerce a settlement may result in liability for malicious prosecution or abuse of process.

DATED THIS _7_ DAY OF _April_ 20_17_

RICHARD HARRIS LAW FIRM

FOR THE FIRM

CLIENT                              CAPACITY    SELF

CLIENT                              CAPACITY

Revised 05/2014



**Remit To:**

Bellhurst Research, Inc.
1600 Broadway
Suite 1600
Denver, CO 80202

# Invoice
## 44934

**Bill To:**

Brenda Briones
Richard Harris Law Firm
801 South 4th Street
Las Vegas, NV  89101

| | |
|---:|:---|
| **Case:** | Lopez, Robert |
| **Invoice Date:** | May 1, 2017 |
| **Date of Loss:** | March 24, 2017 |
| **Due Date:** | May 31, 2017 |
| **Terms:** | Net 30 |

| Description of Services Provided | Fee |
|---|---:|
| Policy Limits | $150.00 |

It's been a pleasure working with you!

If you have any questions, please contact us by e-mail at info@bellhurstresearch.com
Our Tax ID Number is 45-5224324

| | |
|---:|---:|
| **Total Fees:** | **$150.00** |
| **Total Payments:** | |
| **Balance Due:** | **$150.00** |

For your convenience, we accept all major credit cards.  Please visit our website to pay this Invoice with your credit card:  http://bellhurstresearch.com/payments.html



CourtCall®

6383 Arizona Circle
Los Angeles, CA 90045

Phone: (888) 882-6878
Fax: (888) 883-2946
CourtCall.com



Court Conference® is a division of CourtCall®

## INVOICE / RECEIPT

06/04/2019 01:22 PM

All amounts below are in **U.S. Dollars**

| | |
|---|---|
| COURTCALL ID: | 9838636 |
| CASE NUMBER/NAME: | 19CV344326 / Lopez v. Phan |
| CUSTOMER REF. NUMBER: | 364027 |
| PROCEEDING: | Case Management Conference |
| DATE OF HEARING: | Tuesday, June 25th, 2019 at 1:30 PM PT |
| FIRM NAME: | Richard Harris Law Firm |
| ATTORNEY/PARTY APPEARING: | Burke L. Huber |
| TELEPHONE: | (702) 444-4444 |
| FAX/EMAIL: | (702) 444-4455 |
| BASIC FEE/LATE FEE: | $94.00 |
| AMOUNT PAID: | $94.00 |
| **PAYMENT NOW DUE:** | $0.00 |

**Payment Details**

| Method | Type | Amount | Reference | Date/Time |
|---|---|---|---|---|
| Credit | Charge | $94.00 | Visa ending in 2945 | 6/4/2019  1:22:50PM |

**If the 'Payment Now Due' indicated above is zero, no payment is due and this receipt is for your records only; otherwise, the amount indicated is now due.**

If there is an amount due, please remit your payment upon receipt of this notice. If you have already sent payment please contact our Accounting Department as our records do not reflect receipt of payment at the time this notice was sent. IF PAYMENT IS NOT RECEIVED, FUTURE SERVICE MAY BE DENIED AND/OR THE COURT MAY BE ADVISED OF YOUR REFUSAL TO PAY.

**PAYMENT BY CREDIT CARD or COURTCALL DEBIT ACCOUNT:** Payment can be made online by registering and logging in at www.courtcall.com or by calling (888) 882-6878 and selecting option '5' for the Accounting Department. Please have your CourtCall Debit Account number or complete credit card billing address in addition to the credit card number, expiration date and cardholder's full name available when making payment.

PLEASE DETACH AND RETURN THE PORTION BELOW IF PAYING BY CHECK OR MONEY ORDER

**PAYMENT BY CHECK OR MONEY ORDER:** If a balance is due detach and mail this payment section with your check, payable to: **CourtCall LLC, 6383 Arizona Circle. Los Angeles, CA 90045.** Please write the CourtCall ID number in the memo section of your check. Please note: CourtCall does not accept personal checks.

| | |
|---|---|
| COURTCALL ID: | 9838636 |
| CASE NAME/NUMBER: | 19CV344326 / Lopez v. Phan |
| CUSTOMER REF. NUMBER: | 364027 |
| PROCEEDING: | Case Management Conference |
| DATE OF HEARING: | Tuesday, June 25th, 2019 at 1:30 PM PT |
| FIRM NAME: | Richard Harris Law Firm |
| ATTORNEY/PARTY APPEARING: | Burke L. Huber |
| TELEPHONE: | (702) 444-4444 |

INVOICE FOR COURTCALL® APPEARANCE
Copyright © 2019 CourtCall, LLC. All Rights Reserved.

CASH ONLY IF ALL *CheckLock™* SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

100541

8/14/2019

PAY TO THE ORDER OF    LV Process and Investigations, LLC                              $ **100.00

One Hundred and 00/100********************************************************************************************** DOLLARS

LV Process and Investigations, LLC
7121 Eyebright St.
Las Vegas, NV 89131

VOID AFTER 6 MONTHS

*Katie M*                MP

MEMO
364027/Robert Lopez/INV#5038 Def. Service/ra

⑈100541⑈ ⑆122016066⑆ 362⑈002524⑈

---

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                                  100541

LV Process and Investigations, LLC                          8/14/2019
                          364027/Robert Lopez/INV#5038 Def. Service/ra                    100.00

Cost Account - 2524    364027/Robert Lopez/INV#5038 Def. Service/ra                    100.00

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                                  100541

LV Process and Investigations, LLC                          8/14/2019
                          364027/Robert Lopez/INV#5038 Def. Service/ra                    100.00

PAYMENT RECORD

Cost Account - 2524    364027/Robert Lopez/INV#5038 Def. Service/ra                    100.00



Rev 3/11



**PROCESS**
—— AND ——
**INVESTIGATIONS**
7121 Eyebright St
Las Vegas, NV 89131
P - (702) 592-3283

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/6/2019 | 5038 |

**Bill To**

Richard Harris Law Firm
801 S. 4th Street
Las Vegas, NV 89101
(Burke Huber)

**Client Name**

Robert Lopez

| Item Code | Description | Amount |
|-----------|-------------|--------|
| Califonia | Service on Juline Phan with Puma Phan at 2741 Chopin Ave., San Jose, CA 95122 on 4/24/19 @ 4:51 p.m. | 100.00 |

Thank you for your business.

| **Total** | $100.00 |
|-----------|---------|



6383 Arizona Circle
Los Angeles, CA 90045

Phone: (888) 882-6878
Fax: (888) 883-2946
CourtCall.com

Court Conference® is a division of CourtCall®

## INVOICE / RECEIPT

11/13/2019 07:41 AM

All amounts below are in **U.S. Dollars**

|  |  |
|---|---|
| COURTCALL ID: | 10174483 |
| CASE NUMBER/NAME: | 14-19CV344326 / Lopez vs. Phan |
| CUSTOMER REF. NUMBER: | 364027/Lopez |
| PROCEEDING: | Case Management Conference |
| DATE OF HEARING: | Tuesday, November 12th, 2019 at 10:00 AM PT |
| FIRM NAME: | Richard Harris Law Firm |
| ATTORNEY/PARTY APPEARING: | Burke L. Huber |
| TELEPHONE: | (702) 444-4444 |
| FAX/EMAIL: | (702) 444-4455 |
| BASIC FEE/LATE FEE: | $94.00 |
| AMOUNT PAID: | $94.00 |
| **PAYMENT NOW DUE:** | $0.00 |

### Payment Details

| Method | Type | Amount | Reference | Date/Time |
|---|---|---|---|---|
| Credit | Charge | $94.00 | Visa ending in 2945 | 11/13/2019  7:40:08AM |

**If the 'Payment Now Due' indicated above is zero, no payment is due and this receipt is for your records only; otherwise, the amount indicated is now due.**

If there is an amount due, please remit your payment upon receipt of this notice. If you have already sent payment please contact our Accounting Department as our records do not reflect receipt of payment at the time this notice was sent. IF PAYMENT IS NOT RECEIVED, FUTURE SERVICE MAY BE DENIED AND/OR THE COURT MAY BE ADVISED OF YOUR REFUSAL TO PAY.

**PAYMENT BY CREDIT CARD or COURTCALL DEBIT ACCOUNT:** Payment can be made online by registering and logging in at www.courtcall.com or by calling (888) 882-6878 and selecting option '5' for the Accounting Department. Please have your CourtCall Debit Account number or complete credit card billing address in addition to the credit card number, expiration date and cardholder's full name available when making payment.

PLEASE DETACH AND RETURN THE PORTION BELOW IF PAYING BY CHECK OR MONEY ORDER

**PAYMENT BY CHECK OR MONEY ORDER:** If a balance is due detach and mail this payment section with your check, payable to: **CourtCall LLC, 6383 Arizona Circle. Los Angeles, CA 90045.** Please write the CourtCall ID number in the memo section of your check. Please note: CourtCall does not accept personal checks**.**

|  |  |
|---|---|
| COURTCALL ID: | 10174483 |
| CASE NAME/NUMBER: | 14-19CV344326 / Lopez vs. Phan |
| CUSTOMER REF. NUMBER: | 364027/Lopez |
| PROCEEDING: | Case Management Conference |
| DATE OF HEARING: | Tuesday, November 12th, 2019 at 10:00 AM PT |
| FIRM NAME: | Richard Harris Law Firm |
| ATTORNEY/PARTY APPEARING: | Burke L. Huber |
| TELEPHONE: | (702) 444-4444 |

Your confirmed reservation - Alaska Airlines    Page 1 of 3

Case 2:22-cv-01986-JCM-DJA    Document 11    Filed 04/28/23    Page 21 of 71

*Alaska.*  **Book**  **Manage**  **Check-in**  Where we fly  Traveling with us  Mileage Plan

*Alaska.*

**Confirmation code**
**U F X A N Z**

| CHECK-IN | CHANGE | CANCEL |
|----------|--------|--------|

**Flight summary**                                                        Link reservation

| Flight | Departs | Arrives |
|--------|---------|---------|
| *Alaska* Alaska 1917 | Las Vegas (LAS) | San Francisco (SFO) |
| **Main (M)** \| Nonstop \| Details | Wed, Dec 4 | Wed, Dec 4 |
| Distance: 413 mi \| Duration: 1h 40m | 7:55 pm | 9:35 pm |
| *Alaska* Alaska 1916 | San Francisco (SFO) | Las Vegas (LAS) |
| **Main (M)** \| Nonstop \| Details | Thu, Dec 5 | Thu, Dec 5 |
| Distance: 413 mi \| Duration: 1h 34m | 8:05 pm | 9:39 pm |

**Travel Insurance by Allianz Global Assistance**

Thank you for choosing Allianz Travel Insurance. If you make any changes to your travel plans, please contact Allianz Global Assistance  to update your coverage.

**Passenger information**          Enter additional travel info    How to contact me    MVP® Gold guest upgrade

**Name:** Burke Huber
MP# Enter mileage program
E-ticket: 0272148552384

Request special assistance
(Wheelchair, service animal, other disability services)

| Flight | Seat change | Food |
|--------|------|------|
| LAS-SFO | 17F | View menu |
| SFO-LAS | 17F★ | View menu |

★ Premium Class seats have been selected for this flight.
** Seat assignments are subject to change.

**Earn an estimated 826 miles for this trip when you join Mileage Plan™ now.**    | SIGN ME UP |

**Payment summary**                                                       Price Guarantee

**Flight total for 1 passenger: $626.60**
The VISA ending with *******2945 has been charged a total of USD $626.60.

| | |
|---|---|
| **Total per passenger** | **$626.60** |
| Fare | $556.28 |
| Taxes and fees | $70.32 |

**Seat Upgrade total for 1 passenger: $19.00**
The VISA ending with *******2945 has been charged a total of USD $19.00.

| Seat upgrade total | $19.00 |
|---|---|
| Burke Huber, 1 seat | $19.00 |

Each ticket and any booking or change fees will be a separate charge on your credit card statement.

For additional assistance with your reservation, call us at 1-800-252-7522 for assistance.

**Travel Insurance by Allianz Global Assistance**
Thank you for choosing Allianz Travel Insurance. If you make any changes to your travel plans, please contact Allianz Global Assistance to update your coverage.

**Car Rental: Earn your Mileage Plan Miles**

Earn miles and enjoy better savings on premium car rental brands!

| San Francisco - Airport (California) (SFO) Dec 4 2019, 10:05 pm | ❯ | San Francisco - Airport (California) (SFO) Dec 5 2019, 6:05 pm | Edit search |
|---|---|---|---|

**Kia Rio**
or similar
👤4 🧳2 ❶
Alamo
**$ 12.67** /day    Earn 50 miles
$ 33.51 Total 1 days incl. tax

**Nissan Versa**
or similar
👤5 🧳3 ❶
Alamo
**$ 12.91** /day    Earn 50 miles
$ 33.82 Total 1 days incl. tax

**Hyundai Elantra**
or similar
👤5 🧳4 ❶
dollar.
**$ 13.00** /day
$ 33.93 Total 1 days incl. tax

**Nissan Sentra**
or similar
👤5 🧳4 ❶
Thrifty
**$ 13.00** /day
$ 33.93 Total 1 days incl. tax

**Ford Ecosport**
or similar
👤5 🧳3 ❶
enterprise
**$ 25.17** /day
$ 50.01 Total 1 days incl. tax

**BMW X3**
or similar
👤5 🧳4 ❶
Thrifty
**$ 49.00** /day
$ 81.66 Total 1 days incl. tax

View all cars

## Airport Transfers

Book now for a great deal from the widest selection of ground transportation providers

**SCHEDULE PICK-UP**

**Private Transfer**
Affordable vehicle direct to your destination.
👤3 🧳2

Schedule pick-up

**Coach Standard**
Affordable shared vehicle direct to your destination.
👤1 🧳



Schedule pick-up

**Executive Transfer**
Comfortable vehicle with private driver for a fast and hassle-free ride.
👤3 🧳2



Schedule pick-up

✔ Free cancellation    ✔ No hidden costs    ✔ Certified drivers

**Find a hotel in San Francisco**

**Book today and earn thousands of Mileage Plan miles.**                                          See all hotels

      

| Hilton San Francisco Union Square | Hilton Parc 55 San Francisco Union Square | The Westin St. Francis San Francisco on Union Square | Villa Florence San Francisco on Union Square |
|---|---|---|---|
| EARN 8000 MILES | EARN 7000 MILES | EARN 5000 MILES | EARN 7000 MILES |
| **$389** per night | **$405** per night | **$479** per night | **$428** per night |

Travel reminders

Rules and restrictions

**Flight**

- This ticket is fully refundable.
- Upgraded seat purchases are nonrefundable, when the fare is nonrefundable. All upgraded seat purchases are nontransferable. Seat purchases will require refunding/repurchasing if changes are made to the ticket.
- **Promotional discounts:** Discounts are not applicable to already purchased reservations.
- View all fare rules

**Change and cancellation**

- Your itinerary may be changed without a service fee.
- Changes to your current itinerary may result in a higher fare and an additional collection of funds.

**Baggage**

- **Carry-on baggage:** Each passenger is limited to one carry-on bag that measures up to 22"x14"x9" plus one personal item. See our Carry-on baggage page for more information.
- **Checked baggage:** Your first checked bag fee is $30 and the second checked bag fee is $40. All standard rules and fees apply. Mileage Plan™ elite members, Alaska Airlines credit card holders and others may qualify for exceptions. Please refer to our Checked baggage page for more details, seasonal limitations, and restrictions.
- **Hazardous materials:** The U.S. federal government restricts hazardous materials in carry-on and checked baggage. Read more about hazardous materials

| Aerosols | Canned fuel | Lithium batteries | Loose ammo | Small engines | Matches | Cigarette lighters | Oxygen | Flares & fireworks |
|---|---|---|---|---|---|---|---|---|

© 2019 Alaska Airlines, Inc. All rights reserved.



Booked: Online - Tuesday, December 3, 2019 6:18:08 PM Pacific Standard Time

---

**Walnut Creek**

## Holiday Inn Express Walnut Creek

2730 N Main St, Walnut Creek, CA, 94597, United States
+19259323332

| | |
|---|---|
| Hotels.com Confirmation Number: | **9210541666991** |
| Number of Rooms: | **1** |

CHECK-IN
**12/4/19**

CHECK-OUT
**12/5/19**

NUMBER OF NIGHTS
**1**

---

## Billing Address

**Billing Name**                    Richard Harris

**Company details**

---

## Booking Details

**Room, 1 King Bed, Non Smoking**        Burke Huber

**Cancellation Policy**              **Non-refundable reservation**

If you change or cancel this reservation, you won't
be refunded any of the payment.

---

## Payment details

| Charges | USD – $ |
|---|---|
| **Room, 1 King Bed, Non Smoking** | |
| Wednesday, December 4, 2019 | $219.00 |
| Sub-total | $219.00 |
| Tax recovery charges and service fees | $25.62 |
| **Total** | **$244.62** |

| | |
|---|---|
| **Amount paid** | **$244.62** |
| **Amount still due** | **$0.00** |

| | |
|---|---|
| Payment Method | Visa |
| Card number | XXXXXXXXXXXX2945 |

You were charged for this booking.

Any additional charges and fees incurred during your stay will be charged in your hotel's local currency and may be subject to a foreign exchange fee.

## Your Receipt

This receipt was printed on: **Wednesday, December 4, 2019 8:20:27 AM Pacific Standard Time**

This is not a VAT invoice.

Retain this copy for statement verification.

Please note that if you make changes in your booking, they could result in charges applicable by policy and availability.

Your booking confirmation does act as payment proof. Therefore, the "tax" charges referred to on your reservation confirmation do not relate to sales taxes charged to you by Hotels.com, but to any transaction taxes incurred by Hotels.com (e.g. sales and use, hotel occupancy tax, excise tax, etc.) that Hotels.com pay directly to the hotel in relation to your reservation.

Please see the website for Terms and Conditions: https://www.hotels.com/customer_care/terms_conditions.html

Robert Lopez Uber Expenses:

$17.87

$5.00

$54.06

$10.81

$3.00

$3.00

$9.01

$90.76

$18.15

$19.62

$5.00

$236.00

## Your payment to Uber Technologies, Inc has been processed

From: service@paypal.com (service@paypal.com)

To: burke@hsattorneys.com

Date: Thursday, December 5, 2019, 06:56 PM PST



Hello Burke Huber ,

You sent a payment of $17.87 USD on Dec 5, 2019 18:22:19 PST to Uber Technologies, Inc.
This email may be one of many notifications you receive as your merchant fulfills your order.

**Payment Details**

| | |
|---|---|
| **Merchant:** | Uber Technologies, Inc |
| **Date:** | Dec 5, 2019 18:22:19 PST |
| **Transaction ID:** | 1S550092NW4512723 |
| **Authorization Amount:** | $17.64 USD |
| **Payment Amount:** | $17.87 USD |
| **Payment By:** | burke@hsattorneys.com |

**Funding Sources Used (Total)**

**Visa x-2240:**        $17.87 USD

If you have questions regarding this transaction, please contact the merchant.

**Business information**

| | |
|---|---|
| **Business:** | Uber Technologies, Inc |
| **Contact URL:** | http://www.uber.com |

Sincerely,

PayPal

Your monthly account statement is available anytime; just log in to your account at
https://www.paypal.com/myaccount/activity . To correct any errors, please contact us through our Help Center at
https://www.paypal.com/selfhelp/home .

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX000727:N/A:bbd387a110c65

## Receipt for Your Payment to Uber Technologies, Inc

From: service@paypal.com (service@paypal.com)

To:     burke@hsattorneys.com

Date:   Thursday, December 5, 2019, 06:56 PM PST



Dec 5, 2019 18:56:34 PST
Transaction ID: 56F05149DX897290S

**Hello Burke Huber,**

**You sent a payment of $5.00 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| | $5.00 USD | 1 | $5.00 USD |

|  |  |
|---|---|
| **Subtotal** | $5.00 USD |
| **Total** | $5.00 USD |

| **Payment** | $5.00 USD |
|---|---|

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

| Visa x-2240 | $5.00 USD |
|---|---|

Invoice ID: 343fffb02296320386f5535e68c79_0

**Issues with this transaction?**
You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.

PayPal PPX001066:1.1:1570ba04f8c24

## Your payment to Uber Technologies, Inc has been processed

From: service@paypal.com (service@paypal.com)

To: burke@hsattorneys.com

Date: Thursday, December 5, 2019, 03:44 PM PST



Hello Burke Huber ,

You sent a payment of $54.06 USD on Dec 5, 2019 14:49:57 PST to Uber Technologies, Inc.
This email may be one of many notifications you receive as your merchant fulfills your order.

**Payment Details**

| | |
|---|---|
| **Merchant:** | Uber Technologies, Inc |
| **Date:** | Dec 5, 2019 14:49:57 PST |
| **Transaction ID:** | 6N099214V0683883C |
| **Authorization Amount:** | $54.06 USD |
| **Payment Amount:** | $54.06 USD |
| **Payment By:** | burke@hsattorneys.com |

**Funding Sources Used (Total)**

**Visa x-2240:**             $54.06 USD

Charge will appear on your credit card statement as "PAYPAL *UBER"
If you have questions regarding this transaction, please contact the merchant.

**Business information**

| | |
|---|---|
| **Business:** | Uber Technologies, Inc |
| **Contact URL:** | http://www.uber.com |

Sincerely,
PayPal

Your monthly account statement is available anytime; just log in to your account at
https://www.paypal.com/myaccount/activity . To correct any errors, please contact us through our Help Center at
https://www.paypal.com/selfhelp/home .

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131. PayPal PPX000727:N/A:b5618b68fa31f

## Receipt for Your Payment to Uber Technologies, Inc

From:   service@paypal.com (service@paypal.com)

To:     burke@hsattorneys.com

Date:   Thursday, December 5, 2019, 03:43 PM PST



Dec 5, 2019 15:42:39 PST
Transaction ID: 41V72159JE996883A

**Hello Burke Huber,**

**You sent a payment of $10.81 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| | $10.81 USD | 1 | $10.81 USD |

|  | | |
|---|---|---|
| | **Subtotal** | $10.81 USD |
| | **Total** | $10.81 USD |
| | **Payment** | $10.81 USD |

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

Visa x-2240                    $10.81 USD

Invoice ID: 3c61a1a2a6f33c518fa289dc07866_0

**Issues with this transaction?**

You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX001066:1.1:d4784924020ed

## Receipt for Your Payment to Uber Technologies, Inc

From: service@paypal.com (service@paypal.com)

To:    burke@hsattorneys.com

Date:  Thursday, December 5, 2019, 02:49 PM PST



Dec 5, 2019 14:49:06 PST
Transaction ID: 2YP25011F9054310V

**Hello Burke Huber,**

**You sent a payment of $3.00 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| | $3.00 USD | 1 | $3.00 USD |

| | | Subtotal | $3.00 USD |
|---|---|---|---|
| | | **Total** | $3.00 USD |

**Payment**                                        $3.00 USD

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

Visa x-2240                              $3.00 USD

Invoice ID: d5443402d8a73a958a3ad81b1760c_0

**Issues with this transaction?**

You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131. PayPal PPX001066:1.1:c405a1a80fe4e

## Receipt for Your Payment to Uber Technologies, Inc

From: service@paypal.com (service@paypal.com)

To: burke@hsattorneys.com

Date: Thursday, December 5, 2019, 02:49 PM PST



Dec 5, 2019 14:49:06 PST
Transaction ID: 2YP25011F9054310V

**Hello Burke Huber,**

**You sent a payment of $3.00 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.




Next time, you could earn 2% cash back*
on every purchase with the **PayPal Cashback Mastercard**®

*Purchases subject to credit approval. See Rewards Program Terms for details. The PayPal Cashback Mastercard is issued by Synchrony Bank pursuant to a license by Mastercard International Incorporated.

Learn More

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| | $3.00 USD | 1 | $3.00 USD |

| | | |
|---|---|---|
| | **Subtotal** | $3.00 USD |
| | **Total** | $3.00 USD |
| | **Payment** | $3.00 USD |

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

Visa x-2240      $3.00 USD

Invoice ID: d5443402d8a73a958a3ad81b1760c_0

**Issues with this transaction?**

You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

(?) Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX001066:1.1:c405a1a80fe4e

## Your payment to Uber Technologies, Inc has been processed

From: service@paypal.com (service@paypal.com)

To: burke@hsattorneys.com

Date: Thursday, December 5, 2019, 10:14 AM PST



Hello Burke Huber ,

You sent a payment of $9.01 USD on Dec 5, 2019 09:56:38 PST to Uber Technologies, Inc.

This email may be one of many notifications you receive as your merchant fulfills your order.

**Payment Details**

| | |
|---|---|
| **Merchant:** | Uber Technologies, Inc |
| **Date:** | Dec 5, 2019 09:56:38 PST |
| **Transaction ID:** | 6EA44799RN2156214 |
| **Authorization Amount:** | $8.07 USD |
| **Payment Amount:** | $9.01 USD |
| **Payment By:** | burke@hsattorneys.com |

**Funding Sources Used (Total)**

**Visa x-2240:**                              $9.01 USD

Charge will appear on your credit card statement as "PAYPAL *UBER"

If you have questions regarding this transaction, please contact the merchant.

**Business information**

| | |
|---|---|
| **Business:** | Uber Technologies, Inc |
| **Contact URL:** | http://www.uber.com |

Sincerely,

PayPal

Your monthly account statement is available anytime; just log in to your account at

https://www.paypal.com/myaccount/activity . To correct any errors, please contact us through our Help Center at

https://www.paypal.com/selfhelp/home .

1/2

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX000727:N/A:854eb2ba9e838

## Your payment to Uber Technologies, Inc has been processed

From: service@paypal.com (service@paypal.com)

To:     burke@hsattorneys.com

Date:  Wednesday, December 4, 2019, 11:42 PM PST



Hello Burke Huber ,

You sent a payment of $90.76 USD on Dec 4, 2019 22:51:07 PST to Uber Technologies, Inc.
This email may be one of many notifications you receive as your merchant fulfills your order.

**Payment Details**

| | |
|---|---|
| **Merchant:** | Uber Technologies, Inc |
| **Date:** | Dec 4, 2019 22:51:07 PST |
| **Transaction ID:** | 1FS479406B4539238 |
| **Authorization Amount:** | $90.76 USD |
| **Payment Amount:** | $90.76 USD |
| **Payment By:** | burke@hsattorneys.com |

**Funding Sources Used (Total)**

**Visa x-2240:**        $90.76 USD

Charge will appear on your credit card statement as "PAYPAL *UBER"
If you have questions regarding this transaction, please contact the merchant.

**Business information**

**Business:**        Uber Technologies, Inc
**Contact URL:**    http://www.uber.com

Sincerely,
PayPal

Your monthly account statement is available anytime; just log in to your account at
https://www.paypal.com/myaccount/activity . To correct any errors, please contact us through our Help Center at
https://www.paypal.com/selfhelp/home .

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX000727:N/A:4a54dd2936625

## Receipt for Your Payment to Uber Technologies, Inc

From:  service@paypal.com (service@paypal.com)

To:  burke@hsattorneys.com

Date:  Wednesday, December 4, 2019, 11:41 PM PST



Dec 4, 2019 23:41:29 PST
Transaction ID: 1FV51015XX466240W

**Hello Burke Huber,**

**You sent a payment of $18.15 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.

| Description | Unit price | Qty | Amount |
|---|---|---|---|
|  | $18.15 USD | 1 | $18.15 USD |

| | | |
|---|---|---|
| | **Subtotal** | $18.15 USD |
| | **Total** | $18.15 USD |
| | **Payment** | $18.15 USD |

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

Visa x-2240　　　　$18.15 USD

Invoice ID: 7ea7db842f413d2ca63fe10856687_0

**Issues with this transaction?**

You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX001066:1.1:d15acc8d4481

## Your payment to Uber Technologies, Inc has been processed

From:  service@paypal.com (service@paypal.com)

To:      burke@hsattorneys.com

Date:  Wednesday, December 4, 2019, 05:56 PM PST



Hello Burke Huber ,

You sent a payment of $19.62 USD on Dec 4, 2019 17:21:32 PST to Uber Technologies, Inc.
This email may be one of many notifications you receive as your merchant fulfills your order.

**Payment Details**

| | |
|---|---|
| **Merchant:** | Uber Technologies, Inc |
| **Date:** | Dec 4, 2019 17:21:32 PST |
| **Transaction ID:** | 9M031492UK653242C |
| **Authorization Amount:** | $19.24 USD |
| **Payment Amount:** | $19.62 USD |
| **Payment By:** | burke@hsattorneys.com |

**Funding Sources Used (Total)**

**Visa x-2240:**                              $19.62 USD

Charge will appear on your credit card statement as "PAYPAL *UBER"
If you have questions regarding this transaction, please contact the merchant.

**Business information**

| | |
|---|---|
| **Business:** | Uber Technologies, Inc |
| **Contact URL:** | http://www.uber.com |

Sincerely,
PayPal

Your monthly account statement is available anytime; just log in to your account at
https://www.paypal.com/myaccount/activity . To correct any errors, please contact us through our Help Center at
https://www.paypal.com/selfhelp/home .

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.
PayPal PPX000727:N/A:682f131367c9a

## Receipt for Your Payment to Uber Technologies, Inc

From: service@paypal.com (service@paypal.com)

To: burke@hsattorneys.com

Date: Wednesday, December 4, 2019, 05:54 PM PST



Dec 4, 2019 17:54:08 PST
Transaction ID: 2T944861SD275305F

**Hello Burke Huber,**

**You sent a payment of $5.00 USD to Uber Technologies, Inc**

It may take a few moments for this transaction to appear in your account.

**Merchant**
Uber Technologies, Inc
http://www.uber.com
877-223-8023

**Instructions to merchant**
You haven't entered any instructions.

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| | $5.00 USD | 1 | $5.00 USD |

| | | | |
|---|---|---|---|
| | | **Subtotal** | $5.00 USD |
| | | **Total** | $5.00 USD |
| | | **Payment** | $5.00 USD |

Charge will appear on your credit card statement as "PAYPAL *UBER"

Payment sent from burke@hsattorneys.com

**Funding Sources Used (Total)**

Visa x-2240      $5.00 USD

Invoice ID: f58e433e44ff313d9988ac39fa4e1_0

**Issues with this transaction?**

You have 180 days from the date of the transaction to open a dispute in the Resolution Center.

Questions? Go to the Help Center at www.paypal.com/help.

Please do not reply to this email. This mailbox is not monitored and you will not receive a response. For assistance, log in to your PayPal account and click **Help** in the top right corner of any PayPal page or please contact us toll free at 1-888-221-1161. You can receive plain text emails instead of HTML emails. To change your Notifications preferences, log in to your account, go to your Profile, and click **My settings**.

Copyright © 1999-2019 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131. PayPal PPX001066:1.1:6125adf3f9caa



November 19,2019

Dear Customer:

The following is the proof-of-delivery for tracking number **811765598307**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | M.LIM | Delivery location: | CA |
| Service type: | FedEx First Overnight | Delivery date: | Nov 19, 2019 07:48 |
| Special Handling: | Deliver Weekday | | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 811765598307 | Ship date: | Nov 18, 2019 |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| CA US | LAS VEGAS, NV US |

| | |
|---|---|
| **Reference** | ROBERT LOEZ |

Thank you for choosing FedEx.

CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

108913

7/21/2020

PAY TO THE
ORDER OF ___ Nationwide Legal _____ $ **125.00

One Hundred Twenty-Five and 00/100******************************************************************* DOLLARS

Nationwide Legal
1609 James M. Wood Blvd.
Los Angeles, CA 90015

VOID AFTER 6 MONTHS

MEMO

364027/Robert Lopez/inv # NV236366/vc

MP

⑈108913⑈ ⑆122016066⑆ 362⑈0025 24⑈

© 2011 INTUIT INC. # 872  1-800-433-8810    Details on Back    Intuit® CheckLock™ Secure Check

---

RICHARD HARRIS LAW FIRM / COST ACCOUNT                                    108913

Nationwide Legal                                          7/21/2020
                          364027/Robert Lopez/inv # NV236366/vc                    125.00

Cost Account - 2524    364027/Robert Lopez/inv # NV236366/vc                    125.00

RICHARD HARRIS LAW FIRM / COST ACCOUNT                                    108913

Nationwide Legal                                          7/21/2020
                          364027/Robert Lopez/inv # NV236366/vc                    125.00



Cost Account - 2524    364027/Robert Lopez/inv # NV236366/vc                    125.00



Rev 3/11

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| 21010 | May 20, 2020 | NV226366 |

Bill To:
**RICHARD HARRIS LAW FIRM**
**801 South 4th Street**
**Las Vegas, NV 89101**

**Ruth Ayala**
**(702) 444-4444**
ruth@richardharrislaw.com
**REF: 364027/Lopez**
**Case No: 19CV344326**
**POD Date: 5/13/2020**



| Court: | **Superior Court Of California, County Of Santa Clara** |
|---|---|
| Case: | **Robert Lopez vs. Julline Phan** |
| Summary: | **Please obtain Neutral signature on ADR Stipulation & Order at Santa Clara Court. thank you** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Northern CA E-Filing** | | | 125.00 |
| Description: Rcvd.    All documents that require a judge signature, are email back to the attorney of record.<br>Documents: Stipulation; | | | |
| | | TOTAL DUE | **$ 125.00** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| 21010 | May 20, 2020 | NV226366 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

TOTAL DUE:    $  125.00

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO  **Nationwide Legal, LLC**

Service Type: 025 - E-FILING

Order#:NV226366-01/INVOICEPa

CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

115321

7/23/2021

PAY TO THE ORDER OF    Nicholas Lowe                                    $ **1,250.00

One Thousand Two Hundred Fifty and 00/100*********************************************************************** DOLLARS

Nicholas Lowe
1515 River Park Drive, Suite 175
Sacramento, CA 95815

VOID AFTER 6 MONTHS

MEMO    MAT-201107153495/Robert Lopez/Mediation

⑈115321⑈ ⑆122016066⑆ 362⑈0025 24⑈

---

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                    115321

Nicholas Lowe                                7/23/2021
                                             1,250.00

Cost Account - 2524    MAT-201107153495/Robert Lopez/Mediation            1,250.00

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                    115321

Nicholas Lowe                                7/23/2021
                                             1,250.00

PAYMENT RECORD

Cost Account - 2524    MAT-201107153495/Robert Lopez/Mediation            1,250.00



Rev 3/11

NICHOLAS K. LOWE

LAW OFFICES OF
**NICHOLAS K. LOWE**
1515 River Park Drive, Suite 175
SACRAMENTO, CALIFORNIA 95815

(916) 565-2100
FAX (916) 565-2111
nicklowelaw@yahoo.com

February 8th, 2021

Richard Harris, Esq.
Burke Huber, Esq.
Richard Harris Law Firm
801 South Fourth Street
Las Vegas, NV 89101

Paula Shaw, Esq.
Owen T. Rooney, Esq.
McDowell Shaw & Garcia
1655 N. Main Street, Suite 370
Walnut Creek, CA 94596

Re: *Lopez v. Phan*

Dear Counsel:

**Proceeding: Mediation, Half Day**

**Date/Time/Location:**          **May 12th, 2021 at 1:30 p.m.**
                                 **1515 River Park Drive, Suite 175**
                                 **Sacramento, CA 95815**

**ALL MEDIATIONS ARE TO BE CONDUCTED TELEPHONICALLY UNLESS SPECIAL
ARRANGEMENTS ARE MADE. PLEASE PROVIDE BEST PHONE NUMBERS FOR
MEDIATOR TO CONTACT YOU.**

**Cost: $1,250 Per Side**

**Mediation Briefs:** Please submit briefs at least two days in advance of the scheduled mediation.
This allows me to review the briefs and be familiar with your case in advance of your arrival.

**Deposit:** In order to reserve the date scheduled above, please submit your deposit in the sum of
**$1,250 (your share of the mediation cost)** on or before **March 1st, 2021.**

**Cancellation policy:** In the event the mediation is cancelled or rescheduled less than 10 days prior
to the scheduled date, a cancellation fee of my three hour minimum will be billed.

**Serve Vegas LLC**
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117

**INVOICE: 7975990**
Issued:   Nov 28, 2022

**RICHARD HARRIS LAW FIRM**
Zachary Rasmussen
801 S. Fourth Street
Las Vegas, NV 89101

PAY TO:
**Serve Vegas LLC**
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117

| Case: | 2:22-CV-01536-JCM-DJA | Plaintiff / Petitioner: | Harris Law Firm, a Nevada limited-liability partnership, dba Richard Harris |
|---|---|---|---|
| Job: | 7975990 (MAT-201107153495) | | Law Firm; and Robert Lopez, individually |
| | | Defendant / Respondent: | Advanced Spine & Rehabilitation, LLC, et al. |

1) Successful Attempt: Nov 22, 2022, 9:55 am PST at Corporate: 101 N Brand Blvd 11th Floor, Glendale, CA 91203 received by Sandy Menjivar. Age: 35+; Ethnicity: Hispanic; Gender: Female; Weight: 140+; Height: 5'3"; Hair: Brown; Relationship: Agent;
Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| | East Bay Upright MRI, LLC | $0.00 | 1 | $0.00 |
| Out of Town Service of Process | Contacted out of town process server, paid fee in advance, managed file until complete. and prepared affidavit of service to ensure they meet the county clerk's standards. | $125.00 | 1 | $125.00 |

We have built this business based solely on referrals, so please mention our services to your colleagues. Thank you again for choosing to do business with Serve Vegas!!

| | |
|---|---|
| Total: | $125.00 |
| Amount Paid: | ($0.00) |
| **Balance Due:** | **$125.00** |

Please pay the balance within 21 days.To ensure proper credit please include invoice number (top right) when remitting payment. Tax ID 45-3663491



**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

124032

11/29/2022

PAY TO THE ORDER OF   Serve Vegas, LLC                                                                   $ **125.00

One Hundred Twenty-Five and 00/100*********************************************************************** DOLLARS

Serve Vegas, LLC
9811 W. Charleston Boulevard, 2-732
Las Vegas, NV 89117
USA

VOID AFTER 6 MONTHS

MEMO

MAT-201107153495/Robert Lopez/Service of East B

⑆124032⑆ ⑈1220160661⑇ 362⑆0025241⑆

---

RICHARD HARRIS LAW FIRM / COST ACCOUNT                                           124032

   Serve Vegas, LLC                                   11/29/2022
                                                                                    125.00

Cost Account - 2524    MAT-201107153495/Robert Lopez/Service of Ea          125.00

RICHARD HARRIS LAW FIRM / COST ACCOUNT                                           124032

   Serve Vegas, LLC                                   11/29/2022
                                                                                    125.00

Cost Account - 2524    MAT-201107153495/Robert Lopez/Service of Ea          125.00



Rev 3/11

**Serve Vegas LLC**
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117

**INVOICE:  7975975**
Issued:  Nov 28, 2022

**RICHARD HARRIS LAW FIRM**
Zachary Rasmussen
801 S. Fourth Street
Las Vegas, NV 89101

PAY TO:
**Serve Vegas LLC**
**9811 W. Charleston Blvd 2-732**
**Las Vegas, NV 89117**

| Case: | 2:22-CV-01536-JCM-DJA | Plaintiff / Petitioner: | Harris Law Firm, a Nevada limited-liability partnership, dba Richard Harris |
|---|---|---|---|
| Job: | 7975975 (MAT-201107153495) | | Law Firm; and Robert Lopez, individually |
| | | Defendant / Respondent: | Advanced Spine & Rehabilitation, LLC, et al. |

1) Successful Attempt: Nov 28, 2022, 4:43 pm PST at Corporate: 590 W Mesquite Blvd 202A, Mesquite, NV 89027 received by Courtney Gendron. Age: 30-40; Ethnicity: Caucasian; Gender: Female; Weight: 155; Height: 5'7"; Hair: Blond; Other: Job Title: Paralegal at Barney McKenna & Olmstead, P.C.;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| | Advanced Spine & Rehabilitation, LLC | $0.00 | 1 | $0.00 |
| Mesquite Nevada Service | Miles 180 /$0.75= $135<br>Time 3hr/$50.00= $150 | $285.00 | 1 | $285.00 |
| The Respondent/Defendant Served (final address) | See affidavit of service for details. | $65.00 | 1 | $65.00 |

We have built this business based solely on referrals, so please mention our services to your colleagues. Thank you again for choosing to do business with Serve Vegas!!

| | |
|---|---|
| Total: | $350.00 |
| Amount Paid: | ($0.00) |
| **Balance Due:** | **$350.00** |

Please pay the balance within 21 days. To ensure proper credit please include invoice number (top right) when remitting payment. Tax ID 45-3663491



**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

124033

11/29/2022

PAY TO THE ORDER OF    Serve Vegas, LLC                                                    $ **350.00

Three Hundred Fifty and 00/100******************************************************************************************** DOLLARS

Serve Vegas, LLC
9811 W. Charleston Boulevard, 2-732
Las Vegas, NV 89117
USA

VOID AFTER 6 MONTHS

MEMO    MAT-201107153495/Robert Lopez/Service of ASR,

⑈124033⑈ ⑆122016066⑈ 362⑈0025 24⑈

---

RICHARD HARRIS LAW FIRM / COST ACCOUNT                                          124033

Serve Vegas, LLC                                            11/29/2022

350.00

Cost Account - 2524    MAT-201107153495/Robert Lopez/Service of AS                    350.00



RICHARD HARRIS LAW FIRM / COST ACCOUNT                                          124033

Serve Vegas, LLC                                            11/29/2022

350.00

Cost Account - 2524    MAT-201107153495/Robert Lopez/Service of AS                    350.00



Rev 3/11

**Serve Vegas LLC**
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117

**INVOICE:** **7975983**
Issued:   Dec 5, 2022

**RICHARD HARRIS LAW FIRM**
Zachary Rasmussen
801 S. Fourth Street
Las Vegas, NV 89101

PAY TO:
**Serve Vegas LLC**
**9811 W. Charleston Blvd 2-732**
**Las Vegas, NV 89117**

| Case: | 2:22-CV-01536-JCM-DJA | Plaintiff / Petitioner: | Harris Law Firm, a Nevada limited-liability partnership, dba Richard Harris |
|---|---|---|---|
| Job: | 7975983 (MAT-201107153495) | | Law Firm; and Robert Lopez, individually |
| | | Defendant / Respondent: | Advanced Spine & Rehabilitation, LLC, et al. |

1) Successful Attempt: Nov 28, 2022, 11:26 am PST at 1604 Blossom Hill Rd Ste. 10, San Jose, CA 95124 received by Sabrina Reitz. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'6"; Hair: Brown; Relationship: Front Desk;

| Item | Description | Cost | Quantity | Total |
|---|---|---|---|---|
| | Allied Pain & Spine Institut | $0.00 | 1 | $0.00 |
| Out of Town Service of Process | Contacted out of town process server, paid fee in advance, managed file until complete. and prepared affidavit of service to ensure they meet the county clerk's standards. | $125.00 | 1 | $125.00 |

We have built this business based solely on referrals, so please mention our services to your colleagues. Thank you again for choosing to do business with Serve Vegas!!

| | |
|---|---|
| Total: | $125.00 |
| Amount Paid: | ($0.00) |
| **Balance Due:** | **$125.00** |

Please pay the balance within 21 days.To ensure proper credit please include invoice number (top right) when remitting payment. Tax ID 45-3663491

Serve Vegas LLC · 9811 W. Charleston Blvd 2-732, Las Vegas, NV 89117

Call: 702-209-2140 · Fax: 702-977-7991 · Email: orders@serve.vegas · Visit: www.serve.vegas



CASH ONLY IF ALL *CheckLock*™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**RICHARD HARRIS LAW FIRM**
COST ACCOUNT
801 SOUTH FOURTH STREET
LAS VEGAS, NV 89101-6708
702-444-4444

CITY NATIONAL BANK
LAS VEGAS, NV 89119
16-1606/1220

124143

12/6/2022

PAY TO THE
ORDER OF ___ Serve Vegas, LLC _____ $ **125.00

One Hundred Twenty-Five and 00/100*********************************************************************************** DOLLARS

Serve Vegas, LLC
9811 W. Charleston Boulevard, 2-732
Las Vegas, NV 89117
USA

VOID AFTER 6 MONTHS

MEMO

MAT-201107153495/Robert Lopez/Invoice #797598

⑈124143⑈ ⑆122016066⑇ 362⑈0025 24⑈

MP

---

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                                    124143

Serve Vegas, LLC                                    12/6/2022

125.00

---

Cost Account - 2524     MAT-201107153495/Robert Lopez/Invoice #797                     125.00

---

**RICHARD HARRIS LAW FIRM / COST ACCOUNT**                                    124143

Serve Vegas, LLC                                    12/6/2022

125.00

PAYMENT RECORD

---

Cost Account - 2524     MAT-201107153495/Robert Lopez/Invoice #797                     125.00



Rev 3/11

**EXHIBIT 2**

**STATE BAR OF NEVADA STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY**

**Formal Opinion No. 36**
*January 8, 2007*

## QUESTIONS

1.  Do the Nevada Rules of Professional Conduct preclude an attorney from financing litigation costs through a loan obtained from a third-party lending institution in which the attorney is obligated to repay the loan and the client is in turn obligated to reimburse the attorney for litigation costs?

2.  May the separate agreement requiring the client to be responsible for litigation expenses also require the client to reimburse counsel for the interest and other costs associated with obtaining the loan to fund litigation costs?

## ANSWERS

1.  An attorney may borrow funds from a third-party lending institution for the purpose of obtaining funds for use in paying litigation costs. The attorney must agree to be responsible for the repayment of the loan, interest, and associated reasonable fees irrespective of the outcome of the litigation. Repayment of the loan may not be contingent on the success of the litigation for which the loan is obtained.

   1a.  As respects the lender, counsel must be the obligor on the loan and be solely responsible for the repayment of the loan without regard to the outcome of the matter.

   1b.  Prior to obtaining any such loan, counsel must disclose the planned loan and its terms and conditions and also obtain the client's written consent to the loan.

   1c.  In addition, as with litigation costs generally, the client must be responsible for reimbursing counsel's reasonable incurrence of costs and disbursements related to the litigation. Counsel may not agree to absolve the client of the responsibility for repayment of costs in order to obtain the client's consent for the loan and may not advance funds to the client as a means of soliciting or retaining the client's business.

   1d.  An attorney may agree to pledge assets as security for such a loan in accordance with counsel's best judgment. However, counsel is not required to seek a loan to finance litigation expenses and is not required to pledge any particular assets as

1

security necessary to obtain a loan for litigation expenses.

2.  An agreement providing that the client is responsible for reimbursing counsel for litigation expenses incurred in connection with the representation may also provide that the client is responsible for reasonable interest expense incurred in connection with any agreed loan to counsel for purposes of advancing litigation costs.

    2a.  When the client is asked to agree to be responsible for repayment of costs that potentially include loan interest, the maximum interest charge must be specified in the agreement and must be a reasonable under the circumstances in light of the credit markets at the time any such loan is procured.

## AUTHORITIES RELIED UPON

Nevada Rules of Professional Conduct 1.8 and 5.4
State Bar Association Opinions cited herein.
Cases and authorities cited herein.

## DISCUSSION

    Attorneys representing personal injury claimants frequently find that even where counsel fees are contingent on success (and therefore not imposed upon the client absent some recovery), plaintiff clients lack sufficient funds to contemporaneously pay the out-of-pocket litigation expenses required to prosecute the claim.  Traditionally, attorneys have been permitted to advance these funds and pay ongoing litigation costs provided that the client remains ultimately responsible for the costs.  Where a claim is successful, repayment of costs typically is made from the proceeds of settlement or judgment in the manner.

    In tort claims such as those involving product liability or professional malpractice, the costs required for successful prosecution of the claim can be substantial, running in the hundreds of thousands of dollars.  Even where counsel views the claim as strong and anticipates obtaining a significant settlement or judgment, it may be financially impractical for the plaintiff's lawyer to advance costs of this magnitude, just as it is impractical for most clients (who are usually individuals of modest means) to pay such costs on an ongoing basis.

    In response to these economic realities, counsel representing claimants may wish to borrow the funds necessary to pay litigation costs.  The question then arises whether a loan of this type is permitted under the Nevada Rules of Professional Conduct.  There is no Nevada Rule prohibiting such arrangements, nor are such loans prohibited under the ABA Model Rules of Professional Conduct.  However, the Committee is of the opinion that certain safeguards should be maintained to ensure that any borrowing by counsel does not adversely affect the client's claim or the integrity of

2

the judicial system.

The typical type of loan envisioned by counsel seeking funds for litigation costs would be a "recourse" loan for which counsel is responsible for repayment regardless of the case outcome. However, the attorney could use potential fees from the representation as cash collateral or could make other arrangements with a bank or other lending institution regarding security for the loan. The lender would be an arms-length third party that otherwise has no interest in the outcome of the litigation. The loan would provide funds to be used for litigation costs as reasonably necessary for the prosecution of the claim. This could take the form of a lump sum loan or a line of credit. The attorney would pay a monthly interest charge on the loaned funds, remitting the principal of the loan when the case is resolved.

In seeking a loan or line of credit, counsel may pledge assets as he or she sees fit in order to obtain the funds for litigation costs. However, counsel is not required to pledge any particular assets in order to obtain the loan. For example, a lawyer's duty of zealous and competent representation of an impecunious client does not require that the attorney mortgage all of his or her (or a law firm's ) assets in order to obtain a loan for litigation costs thought necessary to the client's case. A lawyer's duties to the client do not require that he or she seek a loan at all. Rather, the prospect of an attorney borrowing to finance litigation expenses is simply one option available to attorney and client.

By operation of law, a litigant is responsible for litigation expenses absent an agreement or statute to the contrary. Consequently, if an attorney incurs obligations or expends funds on reasonable expenses for the client's matter, the client is responsible for repayment of these amounts regardless of whether the source of funds is a loan or counsel's own funds. However, where funds are borrowed to finance litigation, there should be a separate written agreement in which the client agrees to reimburse counsel for the loan and interest.

This opinion assumes that any loan to counsel for litigation costs conforms to the basic framework described above. Significant deviations from this type of arrangement may make the loan or reimbursement impermissible by creating improper incentives for counsel or clients. Consequently, members of the State Bar should read this opinion with caution and not assume that all forms of borrowing for litigation are automatically permitted.

It is particularly important to distinguish the type of loan to counsel envisioned in this Opinion and "factoring" or non-recourse lending by third parties. Under factoring or non-recourse arrangements, funds are lent directly to the client, usually at comparatively high interest rates, with the amount of repayment contingent on the degree of success of the claim. Critics, including state bar associations, have disapproved of such loans because they create another lien on plaintiff's potential

3

recovery and have potential to undermine the judgment of a client regarding settlement where a client has borrowed too much in relation to the value of the claim. *See, e.g., Rancman v. Interim Settlement Funding Corp.*, 789 N.E. 217 (Ohio 2003); Utah State Bar, Ethics Advisory Opinion Committee, Utah Opinion 97-11, 97 WL 770890 (1997); Douglas R. Richmond, *Litigation Funding: Investing, Lending, or Loan Sharking?*, ABA PROFESSIONAL LAWYER 20 (2005)(providing further description of the practice; assessing cases; criticizing *Rancman*, particularly the Ohio Supreme Court's suggestion that all loans to litigants may be champertous); Felicia Galati, *Getting Involved in Getting Money for Your Civil Litigation Clients: An Ethical Quagmire*, NEV. LAWYER, March 2002 at 15.[1] However, such loans are permitted in many states. *See, e.g., Fausone v. U.S. Claims, Inc.*, 915 So. 2d 626 (Fla. Ct. App. 2005)(enforcing lender's arbitration award against borrowing claimant).

Where a loan is not contingent on litigation success but is a conventional recourse loan that must be repaid irrespective of the outcome of the litigation it financed, courts and bar associations have generally approved such arrangements. *See Saladini v. Righellis*, 687 N.E.2d 1224 (Mass. 1997)(permitting attorney loans to a client in return for higher than normal contingent fee; abolishing doctrines of champerty, barratry, and maintenance), *Fausone v. U.S. Claims*, Inc., 915 So. 2d 626 ((Fla. Dist. Ct. App. 2005)(loans to claimant with repayment secured by contingent recovery permissible); *Johnson v. Wright*, 682 N.W. 671 (Minn. Ct. App. 2004), *rev. granted*, 2004 Minn. LEXIS 657 (Oct. 19, 2004), *appeal dismissed* (Minn. Jan 10, 2005)(permitting loans where lender has expectation of repayment without regard to outcome of litigation but finding subsequent assignment agreement with 28 percent interest rate champertous and void as against public policy).

In Nevada, an attorney may refer a client to a third party lender for the purpose of obtaining a loan where counsel has some reasonable assurance that the lender will not impose unreasonable or impermissible terms on the client borrower. *See, e.g.,* State Bar of Nevada Comm. on Ethics and Professionalism Formal Op. No. 29 (Aug. 7, 2003). Commentators have defended nonrecourse contingency loans to plaintiffs. *See, e.g.,* Richmond, *Litigation Funding, supra;* Geoffrey Miller, *Payment of Expenses in Securities Class Actions: Ethical Dilemmas, Class Counsel, and Congressional Intent*, 22 REV. LITIG. 557 (2003); Joseph Molintaro, *Broad Prohibition, Thin Rationale: The "Acquisition of an Interest and Financial Assistance in Litigation" Rules*, 16 GEO. J. LEGAL ETHICS 223 (2003). *See also* Douglas R. Richmond, *Other People's Money: The Ethics of Litigation Funding*, 56 MERCER L. REV. 649 (2005).

Nevada Rules of Professional Conduct 1.8 and 5.4 both caution against counsel acquiring financial or business commitments that may conflict with counsel's fiduciary duties to the client and counsel's independent judgment in conducting litigation, including evaluation of settlement decisions. More specifically, Rule 1.8(e) states:

(e) A lawyer shall not provide financial assistance to a client in connection with

pending or contemplated litigation, except that:

> (1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

> (2) A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

The plain language of Rule 1.8(e) expressly authorizes counsel to advance litigation expenses and even permits counsel to make repayment contingent. Where the client is indigent, counsel's payment of court costs will as a practical matter be repaid only if the litigation is at least modestly successful. Nothing in Rule 1.8 or other sections of the Rules of Professional Conduct addresses the source of counsel's payment of litigation expenses and no provision of the Rules expressly or implicitly forbids counsel from borrowing in order to obtain funds for litigation. As a practical matter, many law offices depend on credit to sustain daily and ongoing operations. Under these circumstances, a blanket prohibition on case-specific borrowing in order to pay the expenses necessary to prosecute a client's claim would not make sense.

Loans directly to counsel on a recourse basis do not pose the problems associated with direct, contingent, nonrecourse loans to clients. A loan to counsel for reasonable litigation costs does not raise the problem of a client becoming overextended and unable to accept a reasonable settlement offer. Although there is always some risk that excessive borrowing for litigation expenses will compromise counsel's ability to properly advise the client regarding settlement, the Committee views this danger as sufficiently remote that it should not stand in the way of effective financing of litigation expenses. Most lawyers will have both expertise and self-interest that caution counsel against borrowing too much money for litigation or overspending on the case in relation to the value of the claim. If properly done, loans to counsel for litigation costs serve the public interest in preventing the abandonment of meritorious claims because of the limited resources or cash flow problems of plaintiffs and their counsel.

State bar associations that have considered the issue of loans to counsel for litigation costs appear to have overwhelmingly found such loans to be permissible. *See, e.g.*, Michigan Bar Committee on Ethics, Opinion No. RI-336 (Oct. 7, 2005); New York State Bar Ass'n Committee on Professional Ethics, Opinion No. 754 (Feb. 25, 2002); Utah State Bar Ethics Advisory Opinion Committee, Opinion No. 02-01 (Feb. 11, 2002); Missouri Bar Ass'n Informal Opinion No. 970066 (Aug. 20, 2001); Supreme Court of Ohio Board of Commissioners, Opinion 2001-3 (June 7, 2001); Los Angeles County Bar Ass'n Ethics Opinion No. 499, 22 L.A. Lawyer 77 (Sept. 1999); Illinois State Bar Ass'n Opinion No. 92-9 (Jan. 22, 1993); State Bar of Georgia Formal Advisory Opinion No. 92-1 (Jan. 14, 1992); Texas Commission on Professional Ethics, Opinion No. 465, V. 54 Tex. B.J. 76 (1991); Supreme Court of Tennessee Board of Professional

Responsibility, Advisory Ethics Opinion 98-A-659 (July 9, 1989); New Jersey Advisory Committee on Professional Ethics Opinion No. 603 , 120 N.J.L.J. 252 (July 30, 1987); State Bar of Florida Formal Advisory Op. No. 86-2 (April 15, 1986); Massachusetts Bar Ass'n Ethics Opinion No. 83-7 (May 12, 1983).    There appear to no judicial decisions regarding the propriety of loans to counsel for litigation costs.

In short, there is no prohibition on such loans.  However, to ensure that this type of borrowing by counsel does not create problems, the Committee recommends the following steps.

1.    Disclosure to the client.  The client should be advised of counsel's intention to procure a loan for the purposes of funding litigation expense in the client's matter.  The client should be made aware of the basic nature of the loan and its material terms such as the loan amount, maximum interest rate, and operation.  Counsel should explain that incurring debt in connection with a case could affect counsel's assessment of what constitutes reasonable resolution of the case and thus affect counsel's advice to the client regarding settlement.  Similarly, the expenditure of significant court costs for which the client is responsible could cloud the client's judgment as to acceptable resolution of the case.  The client should be reminded that pursuant to Nevada Rule 1.2, the decision regarding settlement rests with the client.  Counsel of course should advise the client regarding settlement offers, options, and strategy, but may not make the settlement decision for the client.

2.    Consent of the client.  After having been advised of counsel's intention to borrow funds, the client must give written consent prior to the attorney's taking of the loan.

3.    Ordinarily, clients are obligated to repay counsel for the advancement of reasonable litigation expenses.  This may be memorialized by specific agreement in a particular case and should be done when counsel borrows funds.  The agreement between lawyer and client should specify the client's obligation, including whether the client is responsible for interest and other lending costs.  *See Chittenden v. State Farm Mut. Auto Ins. Co.*, 788 So.2d 1140 (La. 2001)(attorney may enter into agreement requiring client to reimburse counsel for principal and interest on litigation-related loan); Florida Bar Ethics Opinion No. 86-2 (April 15, 1986)(attorney may charge interest on costs advanced for litigation).  Pursuant to Rule 1.8(e), counsel may advance costs for an indigent client without expectation of repayment or may make repayment of litigation expenses contingent on the outcome of the matter irrespective of the source of funds for paying litigation expenses.  Generally, the terms of the lawyer-client understanding as to responsibility for litigation expenses should be memorialized in a writing signed by the client.

4.    Any loan obtained for purposes of litigation funding must be a "recourse" loan that counsel is obligated to pay.

5.   The interest rate for the loan or letter of credit must be reasonable in light of the credit market in existence at the time of the loan.

6.   The amount of funds borrowed by counsel must be reasonable in relation to the strength, magnitude, and complexity of the client's claim.  Borrowed funds should be used only in connection with the claim, with funds not immediately spent on litigation costs placed in the attorney's trust account.

7.   Counsel must take appropriate steps to ensure that the lender realizes that counsel has a fiduciary obligation to the client and must provide sound advice to the client regarding resolution of the case without regard to counsel's obligation to the lender.  Counsel should also advise the lender that under Nevada Rule of Professional Conduct 1.2, the decision to settle remains one made by the client, not counsel and that the lender has no authority for attempting to control counsel's prosecution of the client's claim.  *See also* Rule 5.4 (nonlawyer may not direct or control professional judgment of attorney).

8.   Counsel may not secure the loan by encumbering assets that, should the loan be foreclosed, could reasonably impede counsel's ability to represent his or her clients.  In the course of seeking funding for a particular client's litigation expenses, counsel may enter into reasonable security agreements with the lender but is not required as a condition of competent, zealous representation to go to any lengths to obtain borrowed funding for a particular case.  Indeed, counsel's duties to other clients make expressly caution against borrowing too much for a particular case or pledging too many assets simply to secure a loan for a single claim.

9.   Counsel should consider purchasing insurance covering default on the loan obligation in order to provide greater financial security to counsel and the client so that any looming loan payments will not cloud counsel's judgment or affect counsel's performance in prosecuting and resolving the claim.  The premium costs or other reasonable charges in connection with obtaining such insurance may be treated like interest charges and may be part of the client's repayment obligations.  However, where a loan is between the attorney and a lender (and the client obligated to repay the loan and interest in a separate agreement with counsel), the lender should not have any recourse against the client should the claim prove unsuccessful.  If the claim results in a favorable settlement or judgment, the lender would presumably have rights to some portion of the proceeds in the manner of a lienholder.

10.   Counsel may not utilize borrowing of litigation costs as a means of soliciting or retaining clients.  *See In re Brown*, 298 Ore. 285, 692 P.2d 107 (Ore. 1984)(attorney suspended for two years for loaning money in order to entice claimant to leave existing counsel for lending lawyer); Kentucky Bar Ass'n v. Mills, 808 S.W.2d 804 (Ky. 1991)(attorney publicly reprimanded for lending $6,400 to client, apparently for basic

living expenses).  Borrowing by the lawyer linked to a single case or claim must be for purposes of financing reasonable and necessary litigation costs and may not be used to provide material goods or living expenses to the client.[2]

## CONCLUSION

If appropriately structured and obtained, with disclosure to the client and consent by the client, an attorney may borrow funds for the purpose of financing litigation costs reasonably necessary for the prosecution of a clients claim.

**This opinion is issued by the Standing Committee on Ethics and Professional Responsibility of the State Bar of Nevada, pursuant to SCR 225. It is advisory only. It is not binding upon the courts, the State Bar of Nevada, its Board of Governors, any person or tribunal charged with regulatory responsibilities, or any member of the State Bar**

---

[1]  It should also be noted that this Opinion does not address the question of the propriety of loans between client and attorney for purposes other than litigation funding. *See* Kate A. Toomey, *Neither a Borrower Nor a Lender Be*, 17 UTAH BAR. J. 8 (Oct. 2004)(deputy bar counsel notes that lawyer-client loan transactions are generally barred by Professional Conduct Rule 1.8 absent special circumstances).

[2]  Cases and commentary are divided on whether counsel may provide reasonable amounts to a client for subsistence living expenses. *Compare In re Amendments to Rules Regulating the Florida Bar*, 635 So. 2d 968 (Fl. 1994)(no violation of rules for attorney to provide modest amount of funds to indigent client for basic needs without expectation of repayment); *Louisiana State Bar Ass'n v. Edwins*, 329 So.2d 437 (La. 1977)(loan for client's necessary medical treatment not a violation) *with State v. Smolen*, 17 P.3d 456, (Okla 2000)(citing cases)(prohibiting such expenditures); *Shea v. Virginia State Bar Disciplinary Board*, 236 Va. 442, 374 S.E.2d 63 (Va. 1988)(same).  This Opinion takes no position on this issue.  However, to the extent that Nevada law may permit counsel to pay subsistence-like living expenses for a needy client, the amounts involved should logically be small enough that counsel will not need to finance such payments through a loan.

8

**EXHIBIT 2**

**ORDG**
KRISTINA WELLER, ESQ.
Nevada Bar No. 7975
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: Kristina@richardharrislaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HARRIS LAW FIRM, LLP, Nevada limited-liability partnership, dba RICHARD HARRIS LAW FIRM and ROBERT LOPEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVANCED SPINE & REHABILITATION, LLC, a Nevada limited-liability company; ALLIED PAIN & SPINE INSTITUTE, an unknown entity; EAST BAY UPRIGHT MRI, LLC, a California limited-liability company;<br><br>Defendants. | CASE NO.:    22-cv-01536<br><br>**ORDER GRANTING MOTION FOR DISBURSEMENT, DEFAULT JUDGMENT AND DISMISSAL** |

This matter having come regularly before the Court for review upon the Motion of Plaintiff, the Court having examined the Motion, and having reviewed the file, there being no opposition, and good cause appearing,

IT IS HEREBY ORDERED that the full settlement of $7,500 be awarded to Plaintiff for Attorney's fees in the amount of $2,034.66 and costs in the amount of $5,465.34.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Plaintiff, Harris Law Firm and against the following Defaulted Defendants:

| DEFENDANT | Default |
|---|---|
| Advanced Spine & Rehabilitation, LLC | 4/27/23 |
| Allied Pain & Spine Institute | 4/27/23 |
| East Bay Upright MRI, LLC | 4/27/23 |

IT IS FURTHER ORDERED that this judgment precludes the Defendants from any recovery whatsoever regarding the charges incurred as a result of the subject incident which gave rise to the instant Complaint in Interpleader.

Order Granting Motion for Entry of Default Judgment, Disbursement and Dismissal
*Harris Law Firm, LLP; Robert Lopez v. Advanced Spine & Rahabilitation, LLC,et al.*, 22-CV-01536
Page 1 of 2

1        IT IS FURTHER ORDERED that each of the Defendants be restrained, until further order

2 of this court, from instituting or further prosecuting any other proceeding against Robert Lopez in

3 any court affecting the rights and obligations between the parties to this action.

4        IT IS FURTHER ORDERED that all debts owed to the Defendants shall be discharged in

5 full.

6        IT IS FURTHER ORDERED that all amounts owed to any defaulted parties shall be

7 discharged as well and Robert Lopez shall not be obligated to pay them any monies for treatment

8 related to the underlying claim.

9        IT IS FURTHERED ORDERED, ADJUDGED AND DECREED that pursuant to NRCP

10 54(b), this Default Judgment is a final judgment against all parties.

11        Dated: _____

12

13

14                         _____
                        UNITED STATES DISTRICT COURT JUDGE

15 Submitted by:

16 RICHARD HARRIS LAW FIRM

17 _____

18 KRISTINA R. WELLER, ESQ.
Nevada Bar No.: 7975

19 *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28                 Order Granting Motion for Entry of Default Judgment, Disbursement and Dismissal
                 *Harris Law Firm, LLP; Robert Lopez v. Advanced Spine & Rahabilitation, LLC, et al.*, 22-CV-01536

RICHARD HARRIS LAW FIRM